UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE PAINTERS UNION
DEPOSIT FUND, a voluntary
unincorporated trust,

    Plaintiff,

-vs-             Case No.
                Hon.
CITY RENOVATION AND TRIM, INC.,
and TIMOTHY J. SMITH, jointly and severally,

    Defendants.
_____/
RICHARD M. SELIK (P24276)
MARK MERLANTI (P35804)
FINKEL WHITEFIELD SELIK
Attorneys for Plaintiff
32300 Northwestern Highway, #200
Farmington Hills, Michigan 48334-1567
248/855-6500
_____/

# COMPLAINT

Plaintiff, by and through its attorneys, FINKEL WHITEFIELD SELIK, complains against Defendants as follows:

1. Plaintiff is a voluntary, unincorporated trust, having its principal place of business in Southfield, Oakland County, Michigan.

2. Defendant, City Renovation and Trim, Inc. ("City Renovation") is a Michigan corporation with its principal place of business at 2685 Paldan Drive, Auburn Hills, Michigan 48236 and is an employer in an industry affecting commerce within the meaning of Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. 185 (hereinafter "the Act").

3. Defendant, Timothy J. Smith ("Smith"), is an individual who, upon information and belief, resides in Oakland County, Michigan. At all times relevant

hereto, Smith was an operating officer of Defendant City Renovation.

4. Jurisdiction of this Court is predicated on Section 301 of the Act, this being a suit for violation of a contract between an employer and labor organization representing employees in an industry affecting interstate commerce.  Jurisdiction of this Court is further predicated on Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. 1132, 1145 (hereinafter "ERISA"), this being a civil suit on behalf of named fiduciaries to enforce Defendants' obligations under the terms and conditions of a certain collective bargaining agreement and pension and employee benefit plan documents, and to enjoin certain acts and practices of Defendants which violate the terms and conditions thereof.

5. On August 20, 2007, Defendant City Renovation entered into a collective bargaining agreement with Painters District Council No. 22 of the International Brotherhood of Painters and Allied Trades (AFL-CIO), hereinafter "the Painters Union". Defendant Smith signed that agreement as a personal guarantor.  A copy of the collective bargaining agreement form is attached as Exhibit A.

6. Under the collective bargaining agreement, Defendant City Renovation became obligated to make periodic payments to Plaintiff for various employee benefit funds established under the collective bargaining agreement.  These payments represented a portion of wages earned by the employees of Defendant City Renovation who are members of the Painters Union, and who work within the jurisdiction of the Painters Union.

7. Pursuant to the above-referenced collective bargaining agreement, Plaintiff is a collection fund created to coordinate the activities of the various employee benefit funds on behalf of the Painters Union, including, but not limited to the collection of

contributions thereto and the prosecution of delinquencies. Plaintiff is a third-party beneficiary of the collective bargaining agreement.

8. The collective bargaining agreement and employee benefit fund trust agreements, adopted by reference therein, require Defendant City Renovation to submit monthly reports which indicate the amount of contributions that said Defendant City Renovation is obligated to pay, and further require that all payments to the various fringe benefit funds be made on a timely basis. Said agreement further provides for the assessment of liquidated damages in the event payment is not made on a timely basis.

9. Under the collective bargaining agreement, Defendant City Renovation is also required to submit the books and records of City Renovation to Plaintiff for periodic audits to confirm that the correct amount of fringe benefit contributions are being reported and paid to the Funds.

10. In further violation of the aforementioned collective bargaining agreement, Defendant City Renovation has failed to file a report and make a payment of the periodic fringe benefit contributions that said Defendant City Renovation was obligated to pay to Plaintiff for the months of July and August 2016.

11. Defendant City Renovation has violated the terms of the collective bargaining agreement with the Painters Union and the various trust agreements incorporated therein by reference, by failing to pay the required amount of fringe benefit contributions and associated liquidated damages for the period of May 2016 through August 2016 and liquidated damages for the month of April 2016.

12. The total amount of fringe benefit contributions and associated liquidated damages, owed to Plaintiff as reported by Defendant, City Renovation, is not completely known, but consists of the following:

      a. liquidated damages (20%, owed pursuant to Article VIII, Section 3 of the Collective Bargaining Agreement) for the month of April 2016 of $4,998.83,

      b. the May 2016 contribution in the amount of $17,169.75,

      c. liquidated damages (20%) for the month of May 2016 of $3,433.95 6.

      d. the June contribution in the amount of $10,338.10

      e. liquidated damages (20%) for the month of June 2016 of $2,067.62,

      f. Defendant, City Renovation, failed to provide the Plaintiff with its Monthly Payroll Reports for the months of July 2016 and August 2016, and as such, the contribution amounts owed for those two months and the associated liquidated damages, are presently unknown.

      13.    The total amount of fringe benefit contributions owed to Plaintiff cannot be determined at this time because Defendant City Renovation has failed to submit the required monthly reports. Without an audit and full accounting, Plaintiff cannot determine the correct amount of contributions due and owing to the Plaintiff.

      14.    Defendants are obligated under Article XVIII, Section 2 of the collective bargaining agreement to submit its books and payroll records for review by a representative of Plaintiff. Plaintiff has reason to believe that Defendant City Renovation has employed employees under the collective bargaining agreement, and that there are amounts due and owing therefor, together with liquidated damages on the unreported and unpaid amounts.

      15.    Defendant City Renovation has failed and refused to pay these sums and otherwise comply with the provisions of the collective bargaining agreement, relating to the payment of fringe benefit contributions.

      16.    All Defendants have further acted in concert to breach the obligations of the

business entity to pay contributions to the Funds and to divert money paid to Defendants to be held in trust for the Funds.

17. Defendant's persistent flaunting of its contractual and statutory obligations to submit contribution reports and pay contributions in a timely manner constitutes willful dereliction of Defendants' obligations. Such dereliction has caused and will continue to cause irreparable injury to the participants and beneficiaries of the Funds, through jeopardizing their rights to benefits necessary to their health and well-being to which those beneficiaries are entitled.

18  The actions of the Defendants described above threaten and continue to threaten the financial integrity of the Funds and impair their capacity to formulate funding standards, as well as cause the Funds to lose the monetary benefit of investment income which could be realized if Defendant's fringe benefit contributions were remitted in a timely fashion.

19. The actions of the Defendants described above constitute actual threats of irreparable injury to the Funds and their participants and beneficiaries for which there is no adequate remedy at law, and public policy supports enjoining Defendant's activities.

20. The Funds have diligently requested Defendant City Renovation to submit contribution reports and pay contributions in a timely manner and to otherwise comply with its obligations so as not to impair the rights of the Funds and their participants and beneficiaries, but said Defendant City Renovation continues to violate its contractual and statutory obligations to the detriment of the Funds and their participants and beneficiaries.

21. Under Section 502 of ERISA, 29 U.S.C. §1132, when the trustees of multiemployer fringe benefit funds obtain a judgment in favor of the funds in litigation to collect unpaid contributions, the Court shall award the greater of interest or liquidated

damages provided for by the funds, in an amount not be exceed twenty percent of the unpaid contributions.

22. Under Section 502 of ERISA, 29 U.S.C. §1132, when the trustees of multiemployer fringe benefit funds obtain a judgment in favor of the funds in litigation to collect unpaid contributions, "the court shall award . . . reasonable attorney fees and costs of the action, to be paid by the defendant", as well as interest on the unpaid contributions pursuant to statute.

23. Defendants may have engaged in a pattern of fraud to avoid paying required fringe benefit contributions to the Funds, and engaged in misconduct which includes converting money paid to Defendant City Renovation for the purpose of paying fringe benefit contributions to the Funds, retaining money required to be held in trust under the Michigan Builders Trust Fund Act, M.C.L.A. §§ 570.151-53 for the benefit of Defendant City Renovation 's employees, withholding money from employee wages for transfer to the Funds but failing to do so, failing to submit monthly reports containing information about work performed by Defendant City Renovation 's employees and intentionally engaging in a scheme to deprive the Funds of money owing to them.

24. As officer, owner and/or persons who make decisions with respect to the business entity's compliance with their obligations to the Funds, and who operates the business entity as alter ego of himself/herself, for their benefit, special circumstances exist to dictate that Defendant Smith maintains responsibility for the business entity's compliance with its obligations to the Funds, on the basis that Defendant Smith is an alter ego of the business entity, and Defendant Smith with fraudulent intent, improperly diverted money which the business entity and any other entity composing Defendant City Renovation was required to hold in trust for payment of fringe benefit contributions to the

Funds under the Michigan Builders Trust Fund Act, M.C.L.A. §§570.151-53, 29 C.F.R. §2510.3-102 and ERISA, exclusive of other reasons which may independently dictate that the individual Defendant maintains responsibility for the business entity's compliance with its obligations to the Funds.

25. Defendant Smith, is a fiduciary of the Funds as a result of his exercise of authority or control over unpaid fringe benefit contributions that constitute assets of the Funds. Defendant Smith, breached his fiduciary duties to the Funds by electing to use money within his authority or control for purposes other than paying required fringe benefit contributions to the Funds.

WHEREFORE, Plaintiff prays:

A. That this Court enter judgment against both Defendants and in favor of Plaintiff, in the amounts that are determined to be the correct amounts owing by them, plus liquidated damages, interest for each delinquent monthly contribution, costs and the attorney fees incurred by Plaintiff in the preparation, institution and prosecution of this proceeding;

B. That this Court order that Defendant, City Renovation and Trim, Inc., produce its books and records for an audit;

C. That this Court decree specific performance of the trust provision and collective bargaining agreement obligations of Defendant, City Renovation and Trim, Inc.;

D That this Court grant such other and further relief as may be deemed appropriate.

        FINKEL WHITEFIELD SELIK

        /s/ Mark Merlanti

        _____
        RICHARD M. SELIK (P24276)
        MARK MERLANTI (P35804)
        Attorneys for Plaintiff
        32300 Northwestern, Suite 200
        Farmington Hills, MI 48334-1567
        (248) 855-6500
        mmerlanti@fwslaw.com

Dated:   September 19, 2016

S:\61025.439\FORMS\COMPLAINTS\2012\FAIL PAYREPORTS FAIL REPORTPAY REQUEST AUDIT.DOCX